**IN THE CIRCUIT COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO.  23-3045 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR RELEASE PENDING APPEAL**

Pursuant to 18 U.S.C. § 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Larry Brock respectfully moves for release pending appeal and stay of execution of his sentence.  In support of this request, Mr. Brock submits as follows:

**INTRODUCTION**

Mr. Brock, a highly decorated military veteran, was convicted of Obstruction of an Offical Proceeding under 18 U.S.C. § 1512 and misdemeanor offenses related to his presence at the U.S. Capitol on January 6, 2021.  It was undisputed that he was not a member of any suspect groups and that he did not commit violent acts or destroy property.

Mr. Brock's § 1512 conviction was his only felony and drove his 24-month sentence.  Like many other January 6 defendants, Mr. Brock is awaiting the resolution underway in the § 1512 case of *United States v. Fischer*.  The government does not dispute that he is neither a flight risk or a danger.  Under such circumstances, it is appropriate for this Court to allow Mr. Brock to remain on release until the important legal issue in *Fischer* reaches finality either in this Court or the U.S. Supreme Court.

**BACKGROUND**

## I.     Case Background and Procedural Posture

Mr. Brock was charged with Obstruction of an Official Proceeding and various misdemeanor offenses related to his presence at the United States Capitol on January 6, 2021.  Mr. Brock was not alleged to be a member of any group and it was undisputed that he came to the January 6 rally alone.  He was not alleged to have assaulted law enforcement or destroyed property.  The government charged him with a felony offense due to his nonviolent presence on the Senate floor for a period of time following adjournment of the proceedings.

It was acknowledged by all that Mr. Brock acted in several instances to restrain unruly persons on the Capitol grounds.  The district court found following the bench trial that upon observing an altercation between protesters and a capitol policeman that "the evidence shows that [Mr. Brock] tried to calm the protesters."  ECF 81 at 406 (transcript). The government's video evidence showed Mr. Brock calming other unruly persons and admonishing fellow protesters not to disturb anything.  The evidence also showed Mr. Brock exiting peacefully.

This Court sentenced Mr. Brock following a bench trial to twenty-four months for Obstruction of an Official Proceeding, 12 months each for two § 1752 misdemeanor offenses and 6 months each for three § 5104 misdemeanor offenses.  ECF 98.  All sentences are concurrent.  *Id*.

## II.     Personal Characteristics of Appellant Larry Brock

Larry Brock is a graduate of the Air Force Academy and served in the military from 1989-1998.  ECF 96 at 5 (citing PSR ¶ 89).  He flew the A-10 Warthog in combat and was awarded the Air Medal with valor device five times, among other decorations.  *Id*.

He has no criminal convictions and performed flawlessly on pretrial release.

### III.   Request for Release in District Court

Mr. Brock requested release pending appeal in district court. ECF 101. The government opposed the request but did not dispute that Mr. Brock was neither a danger or a risk of flight. ECF 105. The district court denied the motion but granted Mr. Brock a delay of his self-surrender date in order to petition this Court for release pending appeal. ECF 108, 110. His surrender date is May 29.

### LEGAL STANDARD

A court "shall order the release of an individual pending appeal if it finds:

(A)      By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…; and

(B)      That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

(i)  Reversal,

(ii)  An order for a new trial,

(iii)  A sentence that does not include a term of imprisonment, or

(iv)  A reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process.

18 U.S.C. 3143 (b)(1). A "substantial question is a "close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). A defendant need not show he is likely to prevail on appeal. *Id*.

We address these criteria as follows:

### A.      No Flight or Safety Risk

As stated above, the government does not dispute that Mr. Brock is neither a danger nor a flight risk. Mr. Brock is a heavily decorated military veteran, he has no prior criminal history and has a perfect record on supervised release. He will not be a safety or flight risk if released.

**B.     The Appeal is Not for Purposes of Delay and Raises Substantial Questions of Law or Fact**

Mr. Brock has an unusually strong case for release pending appeal because he has two issues to raise where the judges of this Court and/or the district court are themselves in disagreement. These issues are:

**1.     § 1512 Issue**

Like many defendants, Mr. Brock moved pretrial to dismiss the Obstruction of Official Proceeding Count under 18 U.S.C. § 1512(c). ECF 46. The district denied the motion, having already ruled on the issue in a prior case by that point. ECF 58.

However, one member of the district court came down differently on the § 1512 issue and dismissed the count. *United States v. Miller*, 21-cr-119-CJN, ECF 72. The government appealed the ruling. This Court reversed the district court in the consolidated appeal of *United States v. Fischer*, 22-3039 (April 7, 2021) in a split decision. Judge Walker wrote separately to state that he would have given the "corruptly" mens rea a different definition than the district court applied in Mr. Brock's and other January 6 cases:

> I would give "corruptly its long-standing meaning. It requires a defendant to act with an intent to procure an unlawful benefit either for himself or some other person. The defendant must not only know the was obtaining an unlawful benefit, it must also be his objective or purpose. Read that way, corruptly makes sense of (c)(2)'s place in the statutory scheme and avoids rendering it a vague and far-reaching criminal-provision.

*Id*. at 2.

Judge Katsas, in his dissenting opinion, thought the Court "should have acknowledged that Congress limited the actus reus [of § 1512] to conduct that impairs the integrity or availability of evidence." *Id*. at 38 (dissenting opinion).

Following the Fischer panel decision the Appellees petitioned for panel rehearing. Doc # 1996380. Appellee's argued that "[p]anel rehearing is necessary because no two opinions constitute a plurality on either of the dispositive legal issues: Section 1512(c)(2)'s mens rea and actus rei elements." *Id*. at 6. The Appellee's argued further that:

> The Panel should…rehear the case to amend the opinions to reflect Judge Walker's joinder with Judge Katsas, that the Panel was equally divided, or that Judge Walker's concurrence is the holding of the Court. In either of the first two events, the judgment should denote affirmance of the district court's order.

*Id*. at 8.

This Court ordered the government to respond to the petition for rehearing, which it did on May 9. This Court's request for a government response is significant because this Court's rules state that "[u]nless this court requests, no response to a petition for panel rehearing is permitted. Ordinarily, rehearing will not be granted in the absence of such a request." Local Rule 40(a)(3). Notably, the lower court denied Mr. Brock's request for release pending appeal in the interregnum between the initial *Fischer* panel decision and this Court's decision to require the government to respond to Appellee's petition for rehearing.

If this Court were ultimately to adopt either Judge Katsas or Judge Walker's view Mr. Brock would have a very viable appeal of his § 1512 conviction because the evidence

at trial does not establish that he intended to seek an unlawful benefit and/or impair the integrity or availability of evidence.

### 2.    Substantial Interference Guideline Enhancement § 2J.2(b)(1)

At sentencing Mr. Brock contested the probation department's application of the 3-level enhancement for substantial interference under § 2J.2(b)(1). ECF 96 at 4. Mr. Brock argued that the enhancement only applied to conduct that interfered with an "the administration of justice" and that as a matter of law "administration of justice" was limited to judicial proceedings and did not cover the electoral count. The district court ruled against Mr. Brock while acknowledging that this was a legal question on which there was no controlling precedent and a split amount the other authorities. Specifically, another member of the district court in *United States v. Hale-Cusanelli*, 21-cr-37-TNM and the 5th Circuit in *United States v. Richardson*, 676 F.3d 491, 502 (5th Cir. 2021), have accepted Mr. Brock's interpretation of this guideline.

Like the § 1512 issue, Mr. Brock's guideline issue is a genuinely contested question of law where judges have arrived at different conclusions. They are both classic appellate issues. Either one of these issues by itself would be a sufficient predicate for release pending appeal but both of them together make this an exceptionally strong case.

### C.    Resolution of these substantial questions in Mr. Brock's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes

The current median time interval from the filing of a notice of appeal to disposition in the this circuit is 11.3 months.[1] However, Mr. Brock's appeal will probably take longer because the this Court may wish to hold Mr. Brock's case in abeyance while

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf

*Fischer* is being decided.  Once the petition for rehearing in *Fischer* is resolved, this Court may wish to order further briefing on related cases like Mr. Brock's.  Finally, given the importance of this issues, it is a very real possibility that one of the parties in *Fischer* may be successful in obtaining Supreme Court review.  All told, it is very plausible that Mr. Brock's appeal may take longer than his 24-month sentence on Count I, let alone the shorter concurrent sentences on the lesser charges.

If Mr. Brock's § 1512 conviction is reversed, his next longest sentence is 12 months.  However, there is no guarantee that in this circumstance Mr. Brock would serve even that much time.  Upon the § 1512 reversal, Mr. Brock's case would be remanded to this Court for resentencing on the remaining counts, which are all misdemeanors.  Although the Court will retain full sentencing discretion at this proceeding, it is well known that many misdemeanor January 6th defendants have little or no incarceration and very few have received 12 months.  Ex. 1 – Sentencing Chart Prepared by Government.

Mr. Brock's guideline issue, either by itself or combined with a successful result on the § 1512 issue, is also likely to result in a sentence that would expire before the appeal.  Mr. Brock's 24-month sentence on count I is the low end of his guidelines as found by the Court.  If the 3-level enhancement for substantial interference had not been assessed, Mr. Brock's guidelines would have been 15-21 (14/I).  If Mr. Brock's appeal extends even a short time beyond the average (as seems likely) resolution of the guideline issue alone is likely to result in a sentence that expires before his appeals are exhausted.

**D.    Other Similar Cases**

Mr. Brock is aware of two January 6 cases where the district court granted release pending appeal.  In *United States v. Rahm*, a defendant facing a 12 month

sentence argued for release pending appeal based on his § 1512 obstruction count (ECF 76-1 at 3-4) and substantial interference enhancement (*Id*. at 4-5).  21-cr-150-RJL.  The Court granted the motion.  ECF 80.

In *United States v. Seefried*, a defendant sentenced to 36 months filed a similar motion, relying on the § 1512 issue.  1:21-cr-287-TNM.  The Court granted the motion, stating that:

> Seefried's three-year sentence is driven by the § 1512 conviction…[t]he Court finds that, in light of the current median time appeals remain pending in the Circuit, Seefried's sentence absent the obstruction count could be less than the time it takes for the appellate process in *Miller* to resolve.  This is especially true given that Seefried's other counts of convictions would all be misdemeanors if § 1512(c) is found inapplicable to his conduct.

ECF 151 at 3.

Mr. Brock submits that the *Seefried/Rahm* approach is appropriate.  Although those decisions were rendered prior to the *Fischer* decision, this Court's decision to require the government to respond to the rehearing petition in *Fischer* places things in substantially the same posture.  It is entirely appropriate to allow undisputed no-risk/no-flight appellants such as Mssrs. Seefried, Rahm and Brock to remain on supervision until the *Fischer* appellate process reaches a conclusion.

## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests this Court to grant him release pending appeal on the same conditions that currently apply.



Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I have served this filing on the government through the ecf system.

Respectfully Submitted,

By: /s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com