IN THE CIRCUIT COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| United States | ) ) ) | |
| v. | ) ) | NO. 23-3045 |
| Larry Brock | ) ) ) ) | |
| Defendant. | ) | |

**REPLY TO GOVERNMENT'S OPPOSTION TO MOTION FOR RELEASE PENDING APPEAL**

**ARGUMENT**

**I.   The Appellate Process in *Fischer* Remains Incomplete**

The government's opposition alleges that Mr. Brock is asking this Court to "ignore its currently binding precedent" and that Mr. Brock is arguing that the *Fischer* decision is "effectively vacate[d]." Opp. at 8. In fact, Mr. Brock has taken no such outlandish positions but is merely asking that this Court grant release pending appeal at least until the *Fischer* appellate process is complete either by final order on the petition for rehearing, expiration of time to petition for certiorari, denial of petition for certiorari, or decision of the Supreme Court.

Mr. Brock's request is in line with *United States v. Rahm*, where the district court ordered that "the execution of the defendant's sentence is hereby STAYED pending the outcome of the appeals in *United States v. Miller*, No. 22-3041 (D.C. Cir.) and *United States v. Rahm*, 23-3012 (D.C. Cir.)." 21-cr-150-RJL, ECF 80 at 1. As of May 18, the government has not moved to revoke Mr. Rahm's release in the

district court based on the panel decision in *Fischer*.[1]

Given Mr. Brock's undisputed non-flight risk, non-safety risk status, there is little practical or legal downside to allowing him to remain on release until the *Fischer* appellate process reaches a conclusion.

## II. There is a "Substantial Question" as to Whether the Government Proved that Mr. Brock Acted with Corrupt Intent

Mr. Brock's motion for release pending appeal was based in part upon Judge Walker's concurrence which stated that "[1512(c)] requires a defendant to act with an intent to procure an unlawful benefit either for himself or some other person." *United States v. Fischer*, 64 F.4th 329, 352 (D.C. Cir. 2023). As even the district court acknowledged in denying Mr. Brock's request for release pending appeal, "Brock's suggestion that [mens rea of obstruction of an official proceeding] is a live, substantial issue of law is not an entirely frivolous one." ECF 107 at 7 (attached as Ex. 1).

In response, the government argues that even if this definition of corruptly were ultimately adopted by the Court Mr. Brock's conviction would not be reversed. Opp. at 8. However, neither the district court nor the government have ever identified what "unlawful benefit" Mr. Brock stood to gain from appearing at the Capitol on January 6. The majority opinion's passing observation in *Fischer* that "helping their preferred candidate overturn the election" would constitute an unlawful benefit was not

---

[1] In *United States v. Seefried*, also relied on by Appellant, the district court imposed a new surrender date following the *Fischer* panel decision on April 21. 1:21-cr-287-1-TNM, ECF 158. However, the district court's order was prior to the petition for rehearing in *Fischer* (April 25) and this Court's decision to require the government to respond to the petition for rehearing (April 26).

2

essential to the Court's opinion and is therefore nonbinding dicta. 2023 WL 2817988 * 7. As Judge Pan herself observed "other elements of § 1512(c)(2) [besides actus reus] are not the focus of this appeal." *Id*.

If the Fischer appellate process results in a definition of corruptly similar to Judge Walker's it is likely Mr. Brock's § 1512 conviction will be reversed because no evidence at trial showed that he stood to gain an unlawful benefit.

### III. Reversal of Mr. Brock's § 1512 Conviction Would Likely Result in a Lesser Sentence

The government next argues that even if Mr. Brock's obstruction conviction were reversed, his resulting sentence would still be more than the 11.3 appeal time average because the district court sentenced him to 12 months on some of the misdemeanors. Opp. at 10.

This argument has already been rejected at least once by the district court below for a January 6 defendant who received an even longer sentence than Mr. Brock. In *Seefried*, the district court responded to this argument as follows:

> Seefried's three-year sentence is driven by the § 1512(c) conviction. His concurrent sentences for the other counts are twelve months each for Counts 2 and 3, and six months each for Counts 4 and 5. The Court finds that, in light of the current median time appeals remain pending in this circuit, Seefried's sentences absent the obstruction count could be less than the time it takes for the appellate process in *Miller* [*Fischer*] to resolve. This is especially true given that Seefried's other counts of convictions would all be misdemeanors if § 1512(c) is found inapplicable to his conduct.

1:21-cr-287-TNM, ECF 151 at 3 (internal citations omitted).

This reasoning applies with even greater force to Mr. Brock whose sentence is a year less than Mr. Seefried's.

3

### IV. Sentencing Guidelines Issue

The government next argues that Mr. Brock's anticipated appeal of the district court's three-level guidelines enhancement under USSG § 2J1.2(b) for substantial interference with the administration of justice is not a basis for release pending appeal because "nearly" every judge in the district has ruled the other way. Opp. at 9. The government's argument ignores the standard set out by this Court which is that the issue "very well could be decided the other way." *United States v. Perholtz*, 836 F.3d 554, 555-56. (D.C. Cir. 1987). Mr. Brock's guideline issue not only *could* be decided the other way, it *has* been decided the other way in *United States v. Hale-Cusanelli*. 21-cr-37-TNM; *see also*, *United States v. Warlick*, 742 F.2d 113, 114 (4th Cir. 1984)(defining administration of justice as acts that "thwart the judicial process"); *United States v. Rasheed*, 663 F.2d 843, 851 (9th Cir. 1981)(stating that the administration of justice commences with "a specific judicial proceeding"). Mr. Brock has clearly satisfied the *Perholtz* standard.

The government next argues that even if Mr. Brock is successful on his guidelines appeal his sentence would still exceed the time to appeal because the low end of his guidelines would be 15 months and the average appeal is 11.3 months. Opp. at 10. However, with less than a four-month difference, Mr. Brock's time to appeal could exceed the low end of the recalculated guidelines if his case is only modestly above the average. Moreover, even a small downward variance would bring Mr. Brock's likely sentence below the average time to appeal. Finally, the government's argument ignores the very real possibility the conga line of January 6 § 1512 cases currently on its way to this Court will not be decided until after the

4

Supreme Court takes up this important question. Supreme Court consideration would mean that Mr. Brock's appeal would take much longer than 15 months.

## CONCLUSION

For the foregoing reasons, Mr. Brock requests the Court to grant him release pending appeal.

Respectfully Submitted,

By:

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1424 K St. NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

CERTIFICATE OF SERVICE

I have served this filing on the government through the ecf system.

                        Respectfully Submitted,

                        By: /s/ *Charles Burnham*
                        Charles Burnham DC Bar # 1003464
                        *Attorney for the Accused*
                        Burnham & Gorokhov, PLLC
                        1750 K St. NW, Suite 300
                        Washington, DC 20006
                        (202) 386-6920 (phone)
                        (202) 765-2173 (fax)
                        charles@burnhamgorokhov.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS**

1. This document complies with the type-volume limit of Rule 27 (motions) because it contains 1,181 words.

2. This document complies with the type face requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word using Times New Roman 12.

By: /s/ *Charles Burnham*
Charles Burnham DC Bar # 1003464
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1750 K St. NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173 (fax)
charles@burnhamgorokhov.com

8