# IN THE UNITED STATES CIRCUIT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States | ) | |
| | ) | |
| v. | ) | NO. 23-3045 |
| | ) | |
| Larry Brock | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION FOR RELEASE PENDING APPEAL ON DATE CERTAIN

Comes now the defendant Larry Brock and moves this Court to set a date certain for release pending appeal. In support of this request, Mr. Brock offers the following:

### BACKGROUND

Mr. Brock was convicted of Obstruction of an Official Proceeding and various misdemeanor offenses as a result of his presence at the United States Capitol on January 6, 2021. He received 24 months for felony obstruction and either 6 or 12 months on the misdemeanors. After filing a notice of appeal in the district court, Mr. Brock moved for release pending appeal in this Court. Mr. Brock argued that his appeal involved substantial questions that would likely result in a lesser sentence if the Court reversed.

In deciding Mr. Brock's motion, this Court assumed without deciding

that "this appeal raises a substantial question of law regarding the scope of 18 U.S.C. § 1512(c)." Dkt. # 2000890. However, the Court held that Mr. Brock had not made a sufficient showing of what his likely sentence would be if his sole felony conviction were reversed.

The Court ordered a briefing schedule for July and August and also ordered that the case be calendared for September for oral argument. Mr. Brock has submitted his opening brief and is awaiting the government's response.

## ARGUMENT

As discussed in this Court's order initially denying release pending appeal, an appellant raising a substantial question of law likely to result in a sentence less than time served plus time to appeal should be released "at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B)(iv).

The assessment of "likely reduced sentence" cannot be made solely by reference to the guidelines because they are not mandatory. *United States v. Booker*, 543 U.S. 220 (2005).

Although Mr. Brock had submitted a chart of January 6 sentences showing lenient treatment for most misdemeanants, the Court did not find this sufficient to show what Mr. Brock's sentences was likely to be if his § 1512 conviction were reversed. In this filing, Mr. Brock will attempt a more

detailed analysis.

Exhibit 1 is an updated chart of January 6 sentences. Table 3 of the chart shows "Cases in which the government recommended a sentence of incarceration." *Id*. at 9. This is the category that would cover Mr. Brock upon any resentencing as the government will presumably ask for incarceration. Of these defendants, Mr. Brock has identified 145 convicted of only misdemeanors where the district court imposed jail. The average sentence (based on our calculations) is slightly under two months. In fact, this average is inflated because it probably includes defendants sentenced to time served who may have received lesser sentences had they not been held in custody pending trial. Mr. Brock surrendered to BOP custody on May 29 so he is very close to having served the average sentence for January 6 misdemeanants. Moreover, off the 145 defendants we review (again, who received jail for misdemeanors), only two received the full twelve months authorized by statute.

In light of the overwhelming mitigation evidence presented for Brock, it is not reasonable to suppose the district court will sentence him anywhere near the high end of jail sentences for January 6 misdemeanants. According to a Washington Post analysis, Mr. Brock's sentence of 24 months was already on the extreme low end for § 1512 trial defendants and in fact was

even below the average for those who received an acceptance of responsibility reduction:

> Brock is the 13th trial defendant to be sentenced for obstruction of an official proceeding, and the average sentence has been 45 months, according to Washington Post data. Of the 21 defendants who have pleaded guilty to the obstruction charge, the average sentence has been 28.4 months, Post data shows.

Jackman, Tom, "Air Force veteran, Jan. 6 rioter sentenced to two years in prison", Washington Post, March 17, 2003.[1]

Mr. Brock's obstruction sentence was appropriately reflective of the relevant § 3553 sentencing factors including his history and personal characteristics and the facts of the case. As set forth in the opening brief:

> The evidence showed Mr. Brock was a longtime veteran of the military and had flown hundreds of combat missions…It was undisputed that Mr. Brock did not confront police or destroy property. On the contrary, he used his military command bearing to maintain order on several occasions. While on the Senate floor, Mr. Brock admonished another individual to get out of the Vice President's chair and be respectful. While on the balcony of the Senate he told other protesters "nobody breaks anything, we're patriots, be respectful." When Capitol policeman Nairobi Timberlake and his partner were outnumbered by an aggressive group of protesters, Mr. Brock intervened to protect the officers and defuse the situation. Mr. Brock voluntarily left the building under law enforcement supervision. On his way out, he intervened to subdue a protester who was confronting police.

Opening Brief at 17-18 (internal citations omitted). It therefore seems

---

[1] https://www.washingtonpost.com/dc-md-va/2023/03/17/air-force-veteran-larry-brock-sentenced-jan-6/

highly likely that Mr. Brock would be sentenced towards the lower end of January 6 misdemeanants should his obstruction conviction be reversed. However, in an effort to be as conservative possible, we propose that the Court set a date certain of August 29 for § 3143(b)(1)(B)(iv) release. By that point Mr. Brock will have served three months of prison, placing him above the average for January 6 misdemeanants and (we submit) beyond the likely term he would receive upon resentencing.

## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests this Court to set a "§ 3143(b)(1)(B)(iv) release date" of August 29, 2023 for Mr. Brock.

Respectfully Submitted,

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1750 K St. NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I have served this filing on the government through the ecf system.

Respectfully Submitted,

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1750 K St. NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com

## CERTIFICATE OF LENGTH

I certify that this pleading meets with the length and font requirements of the local rules. It is in Times New Roman 14 point and, according to Microsoft Word, contains 1,054 words.

Respectfully Submitted,

/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1750 K St. NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com