UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 23-3045

_____

UNITED STATES OF AMERICA,                                    Appellee,

    v.

LARRY BROCK,                                                Appellant.


# APPELLEE'S OPPOSITION TO APPELLANT'S RENEWED MOTION FOR RELEASE PENDING APPEAL

Two months ago, a panel of this Court denied appellant Larry Brock's motion for release pending appeal. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) [hereinafter Release Order]. Even while expediting Brock's appeal, the panel concluded that (*id.* at 1-2), even assuming that Brock's appeal raises a substantial question of law regarding the scope of 18 U.S.C. § 1512(c), he failed to show that the appeal was "likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). That was in part because a reversal of his § 1512(c)

conviction (Count 1) would still leave his five misdemeanor convictions (Counts 2-6), for which he had been sentenced to a total of 12 months of imprisonment. *See* Release Order at 2. Still, the panel ordered an expedited briefing schedule, *id.*, with oral argument now scheduled for September 27—four months into Brock's 24-month sentence.

Brock now renews his motion for release, speculating that his likely sentence for the misdemeanors would be less than three months, extrapolating from a chart of sentences imposed on other January 6 defendants. But Brock already presented that chart to the last motions panel, which nonetheless concluded that Brock had not "made th[e] showing" required by § 3143(b)(1)(B)(iv). Release Order at 2.[1] The prior panel's decision controls here. Brock cannot file repeated motions making the same argument in search of a more sympathetic audience. Rather, under the law-of-the-case doctrine, "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*."

---

[1] Brock's motion references an "updated chart of January 6 sentences," Renewed Mot. 3, but no "updated" chart appears in his filing. In any event, he does not claim any material changes to sentencing practices since the 44-page chart that he included with his initial motion for release pending appeal.

2

*LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc) (emphasis in original).

The timing of Brock's request is especially odd, given that he seeks release pending appeal on August 29, *see* Renewed Mot. 5, less than a month before his September 27 oral argument. There is no reason for another motions panel to attempt to forecast the merits panel's decision a few weeks early. Instead, the prior motions panel sensibly concluded that a merits panel should assess based on full briefing and argument whether the § 1512(c) conviction should be reversed, and if so, order an appropriate remedy at that point.

Even setting the prior panel decision aside, Brock's renewed argument for release pending appeal fails. Brock argues that reversal of his § 1512(c) conviction would likely lead to a total sentence of no longer than three months for his five misdemeanor convictions, basing his prediction on sentences imposed on other January 6 misdemeanants. *See* Renewed Mot. 3-5. But there is no need for prediction here: Judge Bates *already* sentenced Brock for his misdemeanors, imposing a total sentence of 12 months of imprisonment. *See* Joint Appendix (JA) 599. Further, Judge Bates explained in denying bail pending appeal that expediting

3

the appeal would take care of any concerns about a reduced sentence being shorter than the appeal process, given the unchallenged misdemeanor convictions (ECF 107 at 12 n.2). If anything, a reversal of the § 1512(c) conviction would likely *increase* the aggregate sentence for his misdemeanors:

> [In cases] involv[ing] multicount indictments and a successful attack by a defendant on some but not all of the counts of conviction . . . the Government routinely argues that an appellate court should vacate the entire sentence so that the district court may increase the sentences for any remaining counts up to the limit set by the original aggregate sentence. And appellate courts routinely agree.

*Dean v. United States*, 137 S. Ct. 1170, 1176 (2017). Brock offers no reason to think that, upon reversal of the § 1512(c) conviction, Judge Bates would abandon his original analysis of the § 3553 sentencing factors and his rejection of a downward variance, *see* Joint Appendix 706-13, and nonetheless determine that a total sentence of merely three months is "sufficient" here.

Nor is Brock similarly situated to the January 6 misdemeanants he invokes. The vast majority of those January 6 misdemeanants pleaded guilty. Those guilty pleas led to 2- or 3-point downward adjustments in the Guidelines calculation for acceptance of responsibility under U.S.S.G.

§ 3E1.1, significantly cutting the Guidelines range. In addition, defendants pleading guilty usually bargained for reduced charges, avoiding the 12-month statutory maximums that Brock received.[2]

Further, Brock's conduct was substantially worse than the misdemeanants'. That is why he faced felony charges. As the government's sentencing memorandum requesting a *60-month* sentence explains at more length (see JA482-519), Brock's conduct as a retired Air Force Lieutenant Colonel on January 6—storming the United States Capitol building in tactical gear, declaring "This is our House" on the Senate Floor, visibly carrying flex cuffs around the building, attempting to unlock a secured door with a set of keys, intentionally blocking the peaceful transfer of power—merited a lengthy sentence. And it came after months of violent rhetoric on social media, including a detailed "plan of action" that reads like a military operation for rebellion: to seize and interrogate politicians "using measures we used on Al Queda," to

---

[2] As of February 2023, just three sentenced January 6 misdemeanants had gone to trial. Two of those trial misdemeanants received sentences substantially longer than the 3 months that Brock says is "likely" for him: Russell Alford (pending appeal No. 23-3023) was sentenced to 12 months of incarceration, and Jesus D. Rivera (pending appeal No. 22-3088) was sentenced to 8 months of incarceration.

"eliminate" leading media figures, a "rule of engagement" to not kill law-enforcement officers "unless necessary" (JA484-90). A three-month sentence here was neither likely nor appropriate.

Finally, as summarized in the government's original opposition to release pending appeal, Brock has failed to establish "a substantial question of law" on appeal in the first place, as required by § 3143(b). *See* Appellee's Opposition to Motion for Release Pending Appeal 5-12. Brock offers no new responses on these arguments in his renewed motion. And his legal claims have only gotten weaker. His original release motion relied heavily on the pendency of the rehearing petition in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), which has now been denied. Moreover, the concurrence to the release order explained that, even under the *Fischer* dissent's view of the statute, Brock's actions still appeared to violate § 1512(c). *See* Release Order (Millett, J., concurring). Brock is not entitled to release pending appeal.

## CONCLUSION

WHEREFORE, the government respectfully requests that the Court deny appellant's renewed motion for release pending appeal.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
JOHN P. MANNARINO
Assistant United States Attorneys

_____/s/_____
ERIC HANSFORD
D.C. Bar # 1017785
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
Eric.Hansford@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 1153 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
ERIC HANSFORD
Assistant United States Attorney


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Charles Burnham, Esq., on this 31st day of July, 2023.

/s/
ERIC HANSFORD
Assistant United States Attorney