**IN THE UNITED STATES CIRCUIT COURT FOR THE DISTRICT OF COLUMBIA**

|                |   |              |
|----------------|---|--------------|
| United States  | ) |              |
|                | ) |              |
| v.             | ) | NO. 23-3045  |
|                | ) |              |
| Larry Brock    | ) |              |
|                | ) |              |
| Defendant.     | ) |              |

**MOTION TO RECONSIDER RELEASE PENDING APPEAL IN LIGHT OF RECENT SUPREME COURT ACTION**

Comes now the defendant Larry Brock and moves this Court to reconsider it's denial of his request for release pending appeal in light of the Supreme Court's decision to grant certiorari in another § 1512(c) case presenting the same issue.

**BACKGROUND**

Mr. Brock was convicted following a bench trial of Obstruction of An Official Proceeding under 18 U.S.C. § 1512(c) and several misdemeanor offenses related to January 6th. He received a sentence of 24 months for the felony offense and sentences of either six or 12 months on the misdemeanors.

Mr. Brock appealed to this Court. One of the issues Mr. Brock raised was that the district court applied the incorrect *actus reus* definition for the

obstruction count because it did not limit the offense to destruction of documents or impairment of evidence. Op. Br. at 10.

Mr. Brock requested release pending appeal from the district court and this Court and was denied. In a May 25, 2023 order this Court denied Mr. Brock's motion for release without prejudice on the ground that he had not shown that the appeal would be likely to result in a reduced sentence less than the total time he has already served plus the expected duration of the appeal process. Doc. # 2000890.

On December 13, the Supreme Court of the United States granted certiorari in *Fischer v. United States*, 23-5572 which presented the same issue Mr. Brock had raised in his appeal: Whether the U.S. Court of Appeals for the District of Columbia Circuit erred in construing 18 U.S.C. § 1512(c), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence. 2023 WL 8605748 (S. Ct. Dec. 13, 2023).

## ARGUMENT

### I. Legal Standard

A court "shall order the release" of an individual pending appeal if it finds:

(A)  By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…; and

 (B) That the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

  (i) reversal,
  (ii) an order for a new trial,
  (iii) a sentence that does not include a term of imprisonment, or
  (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1); *see also*, *United States v. Perholtz*, 836 F.2d 554, 555, 557 (D.C. 1987).

## II. No Risk of Flight or Danger

Even the government has never disputed that Mr. Brock does not pose a risk of flight or danger to the community. He is a highly decorated military veteran with no prior convictions. He was on release while his district court case was pending and complied with all of his conditions.

## III. In Light of the Fischer Cert Grant Mr. Brock's Case is Now Clearly Presents a Substantial Question of Law Likely to Result in a Sentence Longer Than Time Served Plus Expected Duration of His Appeal

This Court has described a "substantial question" for release pending appeal purposes as "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). The Supreme Court's decision to grant certiorari on the same *actus reus* issue that Mr. Brock is raising should conclusively satisfy this standard.

If Mr. Brock's § 1512 conviction is reversed, it will likely result in a sentence shorter than time already served plus the expected duration of the appeal. In light of the Supreme Court's decision to take a § 1512 obstruction case, this Court will presumably hold cases like Mr. Brock's in abeyance until the Supreme Court rules. Even if the Supreme Court issues a decision in *Fischer* this term, it may require further briefing for this Court to apply the decision to Mr. Brock's case. This Could mean that Mr. Brock's case may not see a final ruling until late in 2024.

Such a ruling would be well past Mr. Brock's likely sentence if his § 1512 conviction is reversed. Mr. Brock's longest misdemeanor sentence was 12 months. Mr. Brock surrendered to BOP on May 29, 2023. Therefore, he will certainly have served over a year in prison by the time his § 1512 actus reus issue is resolved. This means that even if the district court did not reduce his misdemeanor sentences at all upon resentencing, he will have served more time than those sentences awaiting the outcome of his appeal. In fact, however, it is highly unlikely that Mr. Brock would even receive 12 months upon resentencing because almost no misdemeanor only defendants received so much time. According to the Washington Post, half of January 6 misdemeanor defendants received no jail time at all.[1]

---

[1] https://www.washingtonpost.com/dc-md-va/2024/01/05/january-6-riot-sentences/

Because the Supreme Court's cert action means Mr. Brock's appeal will likely extend beyond the duration of his longest misdemeanor sentence, this Court should order that he be released pending appeal.[2]

## CONCLUSION

For the foregoing reasons, Mr. Brock respectfully requests this Court to release him pending appeal.

>
> Respectfully Submitted,
>
> /s/ *Charles Burnham*
>
> Charles Burnham VSB # 72781
> *Attorney for the Accused*
> Burnham & Gorokhov, PLLC
> 1750 K St. NW, Suite 300
> Washington, DC 20006
> (202) 386-6920 (phone)
> (202) 765-2173
> charles@burnhamgorokhov.com

---

[2] In light of the *Fischer* cert grant, district court's have begun releasing similarly situated defendants pending appeal. *See*, Ex. 1-2.

## CERTIFICATE OF SERVICE

I have served this filing on the government through the ecf system.

                              Respectfully Submitted,
                              /s/ *Charles Burnham*
                              Charles Burnham VSB # 72781
                              *Attorney for the Accused*
                              Burnham & Gorokhov, PLLC
                              1750 K St. NW, Suite 300
                              Washington, DC 20006
                              (202) 386-6920 (phone)
                              (202) 765-2173
                              charles@burnhamgorokhov.com

## CERTIFICATE OF LENGTH

      I certify that this pleading meets with the length and font requirements of the local rules. It is in Times New Roman 14 point and, according to Microsoft Word, contains 1,046 words.

      Respectfully Submitted,
/s/ *Charles Burnham*
Charles Burnham VSB # 72781
*Attorney for the Accused*
Burnham & Gorokhov, PLLC
1750 K St. NW, Suite 300
Washington, DC 20006
(202) 386-6920 (phone)
(202) 765-2173
charles@burnhamgorokhov.com