UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 23-3045

———————————

UNITED STATES OF AMERICA,                                    Appellee,

    v.

LARRY BROCK,                                                        Appellant.

## APPELLEE'S OPPOSITION TO APPELLANT'S MOTION TO RECONSIDER RELEASE PENDING APPEAL

In recent months, this Court has twice denied appellant Larry Brock's motions for release pending appeal. *See Brock v. United States*, No. 23-3045 (D.C. Cir. May 25, 2023) (per curiam) [hereinafter First Release Order]; *Brock v. United States*, No. 23-3045 (D.C. Cir. Dec. 5, 2023) (per curiam) [hereinafter Second Release Order]. Brock now moves a third time for release pending appeal, invoking the Supreme Court's decision to review *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023). Brock's Motion to Reconsider Release Pending Appeal ("Third Release Mot.") should likewise be denied.

In the First Release Order (at 1), this Court "assume[d] without deciding that this appeal raises a substantial question of law regarding the scope of 18 U.S.C. § 1512(c)," based in part on "the opinions in *United States v. Fischer*." But it explained (*id.* at 1-2), that Brock failed to show that his appeal was "likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). A reversal of Brock's § 1512(c) conviction would still leave in place his five misdemeanor convictions, for which he had been sentenced to a total of 12 months of imprisonment. *See* First Release Order at 2. At minimum, this Court explained, "appellant has not shown a statutory basis for the relief requested in his motion, which is to remain on release *now*." *Id.* (emphasis added).

Brock's second release motion contended that he would likely receive a reduced sentence for his misdemeanors if his § 1512(c) conviction were vacated. But, as the government explained (see Second Release Opp. 3-6), a vacated felony sentence would (if anything) warrant an *increase* in the aggregate sentence for his misdemeanors. *See Dean v.*

2

*United States*, 137 S. Ct. 1170, 1176 (2017). This Court's Second Release Order summarily denied Brock's motion.

Now Brock argues that the Supreme Court's grant of certiorari in *Fischer* justifies release. The pendency of *Fischer* does not change the analysis. The certiorari grant principally goes to a statutory requirement that the prior release litigation already assumed was satisfied here: that the appeal "raises a substantial question of law." 18 U.S.C. § 3143(b)(1)(B). *See* First Release Order at 1 ("we assume without deciding that this appeal raises a substantial question of law regarding the scope of 18 U.S.C. § 1512(c)"). Brock's release requests were denied not because the legal questions surrounding § 1512(c) were insubstantial, but because he failed to show that a § 1512(c) reversal would likely result in a sentence shorter than the expected appeal process. Those problems remain, even if the Supreme Court reverses in *Fischer*.

Indeed, Brock has not established that a reversal in *Fischer* would "likely" result in reversal of Brock's own § 1512(c) conviction. As Judge Millett persuasively explained in her concurrence to the First Release Order, "even the *Fischer* dissenting opinion's narrow reading of Section 1512(c)(2)'s 'otherwise' clause would seem to reach Brock's efforts to

3

prevent Congress from receiving, processing, and considering the evidence of each State's electoral votes." First Release Order at 3 (Millett, J., concurring). Brock's conduct in participating in the January 6 riot and appearing on the Senate Floor "necessarily obstructed the handling, submission, processing, and congressional consideration of the evidence of each State's electoral votes. It did so just as much as if Brock had grabbed a pile of state certificates and run away with them." *Id.* at 2-3. Despite that concurring opinion *in this very release litigation*, Brock fails to address the point, let alone explain why a ruling for the defendant in *Fischer* would "likely" justify reversing Brock's § 1512(c) conviction.

Moreover, Brock fails to explain why, even if his § 1512(c) conviction were reversed, his "reduced sentence" would be "less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). As explained in prior pleadings, vacatur of Brock's § 1512(c) conviction would favor a higher sentence for his misdemeanors, not a lower one. *See Dean*, 137 S. Ct. at 1176; Second Release Opp. 3-6. Contrary to Brock's claims (Third Release Mot. 4)—and as covered in the last round of release litigation (Second Release Opp. 5-6)—he is not similarly situated to January 6 misdemeanants who have

4

received shorter sentences. Rather, Brock is significantly more culpable than the current January 6 misdemeanants, given his "chilling" military-like plans to torture and kill perceived enemies after the election, in combination with conduct on January 6 itself (like his actions on the Senate Floor in tactical gear and his attempts to unlock a secured Capitol door) (see Gov't Br. 4, 18, 39, 41).

Brock suggests that the Supreme Court's review in *Fischer* will prevent a final ruling in Brock's case "until late in 2024," after he has completed serving his current 12-month misdemeanor sentence (see Third Release Mot. 4). We do not agree with that timeline. Even if this Court does await *Fischer* before deciding Brock's case, *Fischer* is to be decided this Term, presumably by the end of June and perhaps sooner. If the *Fischer* decision casts doubt on Brock's § 1512(c) conviction, this Court could quickly resolve the release decision as soon as *Fischer* is issued. At the very least, given the uncertainties about the appellate timeline here, there is no need to order release now—months before Brock would have finished serving his 12-month misdemeanor sentence. As in prior release litigation, "appellant has not shown a statutory basis

5

for the relief requested in his motion, which is to remain on release *now*." First Release Order at 1 (emphasis added).

Finally, if this Court finds Brock eligible for release under § 3143(b)(1)(B), we request that this Court remand this case to the district court to assess whether Brock should be detained pending appeal under § 3143(b)(1)(A). While the government has not previously sought to detain Brock based on risk of flight and/or dangerousness, the government has reassessed that position based on further developments in the case since Brock first sought release pending appeal last March. We would request a remand to develop the record before the finder of fact and to seek detention based on risk of flight and/or dangerousness.

## Conclusion

WHEREFORE, the government respectfully requests that the Court deny appellant's motion for release pending appeal.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney

                    CHRISELLEN R. KOLB
                    Assistant United States Attorneys

                    _____/s/_____

                    ERIC HANSFORD
                    D.C. Bar # 1017785
                    Assistant United States Attorney
                    601 D Street, NW, Room 6.232
                    Washington, D.C. 20530
                    Eric.Hansford@usdoj.gov
                    (202) 252-6829

### CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 1,071 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
ERIC HANSFORD
Assistant United States Attorney

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing motion to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Charles Burnham, Esq., on this 24th day of January, 2024.

/s/
ERIC HANSFORD
Assistant United States Attorney