UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

No. 23-3045

———————————

UNITED STATES OF AMERICA,                                          Appellee,

    v.

LARRY BROCK,                                                       Appellant.

## APPELLEE'S OPPOSITION TO MOTION FOR RELEASE PENDING APPEAL

Appellee, the United States of America, respectfully opposes appellant Larry Brock's motion for release pending appeal. Brock participated in the Capitol riot on January 6, 2021, was convicted after a bench trial of one felony and five misdemeanors, and is due to begin serving a 24-month sentence of incarceration on May 29, 2023. Because Brock has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reversal, a new trial, or a sentence reduction less than his time served plus the expected duration of the appeal process, this Court should deny his motion. 18 U.S.C. § 3143(b)(1).

## BACKGROUND

After participating in the Capitol riot on January 6, 2021, Brock was indicted for obstruction of an official proceeding and aiding and abetting (18 U.S.C. §§ 1512(c)(2), 2 (Count 1)); entering and remaining in a restricted building or grounds (18 U.S.C. § 1752(a)(1) (Count 2)); disorderly and disruptive conduct in a restricted building or grounds (18 U.S.C. § 1752(a)(2) (Count 3)); entering and remaining on the floor of Congress (40 U.S.C. § 5104(e)(2)(A) (Count 4)); disorderly and disruptive conduct in a Capitol building (40 U.S.C. § 5104(e)(2)(D) (Count 5)); and parading, demonstrating, or picketing in a Capitol building (40 U.S.C. § 5104(e)(2)(G) (Count 6)). After a bench trial, the Honorable John Bates convicted Brock on all counts on November 16, 2022 (Minute Entry 11/16/22). On March 17, 2023, the Court sentenced Brock to 24 months incarceration on Count One, a term of 12 months incarceration on Counts 2 and 3, each, and a term of 6 months incarceration on Counts 4 through 6, each, all to run concurrently. (Minute Entry 3/17/23). In reaching this sentence, the court determined that the applicable U.S. Sentencing Guidelines range for Count One was 24 to 30 months' imprisonment based on a criminal history category of I, a base offense level of 14, and a

3-level enhancement for substantial interference with the administration of justice per USSG § 2J1.2(b)(2). The court permitted Brock to remain on bond (Minute Entry 3/17/23), and ultimately ordered that Brock surrender to the Bureau of Prisons on May 29, 2023, to begin serving his sentence (ECF 110).[1] On March 28, 2023, Brock filed a notice of appeal (ECF 100).

On March 28, 2023, Brock moved for release pending appeal (ECF 101). His motion asserted that he is not a risk of flight or a danger to the community, and that he is likely to succeed on appeal in challenging (1) his obstruction conviction, and (2) the 3-level sentence enhancement for interference with the administration of justice (ECF 101 at 3–4). The government opposed (ECF 105), and on April 20, 2023, the District Court denied Brock's motion, finding that Brock had failed to show that his appeal raised a substantial question of law or fact that was likely to result in a reversal, new trial, or reduced sentence that would exceed his time served plus the expected duration of his appeal (ECF 107). Specifically, after noting that the government did not contest Brock's

---

[1] "ECF" refers to numbered filings in the District Court.

3

claim that he is neither dangerous nor a flight risk, the court found that Brock's principal challenge to his obstruction conviction, i.e., whether § 1512 applies to his conduct, is foreclosed by this Court's recent holding in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), which is "a binding holding on this issue and decided against Brock's position"; and that the possibility of rehearing or Supreme Court review in that case did not create a substantial question on which Brock was likely to succeed (ECF 107 at 5–7). As to Brock's anticipated challenge to the definition of "corruptly" used by the district court for the obstruction charge, and whether the evidence was sufficient under the correct definition of that term, the district court noted that *Fischer* "left the exact contours of 'corrupt' intent for another day" (*id.* at 7 (citation omitted)). Nonetheless, the court found, Brock had failed to address, let alone carry his burden to show, that resolving the definition in his favor would make reversal of his obstruction conviction likely (*id.* at 8). Instead, the court found, "even if Brock were to succeed and the D.C. Circuit adopted his preferred definition of 'corruptly'—whatever that may be—his conviction likely would nevertheless be upheld under a more demanding definition of the term given the circumstances of his conduct" (*id.*).

4

As to Brock's guidelines claim, the court found that the weight of authority was heavily against Brock, and that in any event he had failed to explain how prevailing on the question would likely result in a reduced sentence that would likely end before the appeals process (ECF 107 at 10–11). Instead, the court found, although it was "possible" that his appeal might outlast a reduced sentence, it was "unlikely" (*id.* at 11). And if in the future such potential moved from merely "possible" to "likely," Brock could address it by seeking expedited consideration of his appeal by this Court (*id.* at 11–12).

## ARGUMENT

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" "shall . . . be detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in . . . a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18

5

U.S.C. § 3143(b)(1) (emphasis added). A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.3d 554, 555-56 (D.C. Cir. 1987); *see id.* at 555 (stating that "close question" standard is "more demanding" than one that requires inquiry to be "fairly debatable," "fairy doubtful," or simply "not frivolous").

Brock fails to make this showing. Instead, nearly every district judge in this district has rejected the challenge Brock raised in his motion to dismiss the obstruction count. *See, e.g., United States v. Fitzsimons*, 21-cr-158, 2022 WL 1698063, at *6–*12 (D.D.C. May 26, 2022) (Contreras, J.); *United States v. Bingert*, 21-cr-91, 2022 WL 1659163, at *7–*11 (D.D.C. May 25, 2022) (Lamberth, J.); *United States v. McHugh (McHugh II)*, 21-cr-453, 2022 WL 1302880, at *2–*13 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma*, 21-cr-454, 2022 WL 823079, at *12 n.4 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bozell*, 21-cr-216, 2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Grider*, 21-cr-22, 2022 WL 392307, at *5–*6 (D.D.C. Feb. 9, 2022) (Kollar-Kotelly, J.); *United States v. Nordean*, 21-cr-175, 2021 WL 6134595, at *6–*8 (D.D.C. Dec. 28, 2021) (Kelly, J.); *United States v.*

6

*Montgomery*, 21-cr-46, 2021 WL 6134591, at *10-*18 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Mostofsky*, 21-cr-138, 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021) (Boasberg, J.); *United States v. Caldwell*, 21-cr-28, 2021 WL 6062718, at *11–*21 (D.D.C. Dec. 20, 2021) (Mehta, J.); *United States v. Sandlin*, 21-cr-88, 2021 WL 5865006, at *5–*9 (D.D.C. Dec. 10, 2021) (Friedrich, J.).

The one outlier on which Brock relied in the district court (ECF 101 at 3), *United States v. Miller*, 21-cr-119, 2022 WL 1718984, (D.D.C. May 27, 2022) (Nichols, J.), was reversed by this Court in *Fischer*, 64 F.4th 329. Accordingly, as the district recognized, Brock's reliance (at 7–8) on

> two other January 6 cases in this District in which the judge granted a similar motion based on the pending § 1512(c) issue [in *Miller*], see Mem. Order, *United States v. Rahm*, Crim. A. No. 21-150 (RJL) (D.D.C. Feb. 21, 2023), ECF No. 80; Order, *United States v. Seefried*, Crim. A. No. 21-287 (TNM) (D.D.C. Mar. 21, 2023), ECF No. 151, are of little use now that the pending appeal [in *Miller*] has been decided and the D.C. Circuit decided against Brock's position on this issue [in *Fischer*] (ECF 107 at 6).

Faced with this weight of authority against his claim, Brock does not attempt to show that even under *Fischer*, his obstruction claim somehow remains viable. Instead, as the district court recognized (ECF 107 at 6–8), he relies on the merely "theoretical" possibility of its reversal;

7

and even if he prevailed on the definition of "corruptly," the evidence would satisfy even the higher standard rejected in *Fischer*.

Brock nonetheless (at 4–5) invites this Court to ignore its currently-binding precedent in *Fischer*, simply because the panel in that case was not unanimous, and because a rehearing petition is pending. He further speculates (at 7) that there is a "very real possibility" that the Supreme Court may take up the issue. He even declares (at 8) that "this Court's decision to require the government to respond to the rehearing petition in *Fischer* places things in substantially the same posture" as *Rahm* and *Seefried*, *i.e.*, as if the panel opinion did not exist at all. But he cites no authority holding that ordering a response to a rehearing petition effectively vacates the panel opinion. *See, e.g., United States v. Langley*, 17 F.4th 1273, 1275 (9th Cir. 2021) ("a published decision of this court constitutes binding authority which must be followed unless and until overruled by a body competent to do so") (internal quotation marks and citation omitted). Instead, Brock's speculation falls well short of this Court's clarification in *Perholtz*, 836 F.3d at 555, that the "close question" standard is "more demanding" than one that requires inquiry to be "fairly debatable," "fairy doubtful," or simply "not frivolous."

8

Similarly as to Brock's challenge to the three-level enhancement under USSG §2J1.2(b)(2), nearly every district judge in this district (including Judge Bates in this case) has rejected such claims. *See, e.g., United States v. Guy Reffitt*, No. 21-cr-32, 2022 WL 3083239, (D.D.C. Jul. 29, 2022) (Friedrich, J.); *United States v. Wilson*, No. 21-cr-345 (Lamberth, J.); *United States v. Hodgkins*, No. 21-cr-188 (Moss, J.); *United States v. Fairlamb*, No. 21-cr-120 (Lamberth, J.); *United States v. Chansley*, No. 21-cr- 003, (Lamberth, J.); *United States v. Matthew Miller*, No. 21-cr-075 (Moss, J.) (uncontested, but independently addressed by the Court); *United States v. Rubenacker*, No. 21-cr-193 (Howell, J.); *United States v. Pruitt*, No. 21-cr-23 (Kelly, J.); *United States v. Robertson*, 21-cr-34 (Cooper, J.). And as the district court recognized (ECF 107 at 9), the fact that one district court judge has ruled differently does not indicate that Brock is substantially likely to prevail on the issue; and the Fifth Circuit case he cites, *United States v. Richardson*, 676 F.3d 491 (5th Cir. 2021), has even less value, as it was interpreting the meaning of "administration of justice" in a different statute, and not as to the sentencing guideline at issue here.

Moreover, Brock does not dispute the district court's observation that he has never attempted to show how he would benefit from a favorable ruling regarding his sentencing enhancement challenge. Instead, as the district court found (ECF 107 at 11), by Brock's own estimate, his revised guidelines range without the enhancement (*i.e.,* 15–21 months) would exceed the likely time for his appeal to be resolved (*i.e.,* 11.3 months). And even if his obstruction conviction were vacated, this would not undermine his convictions on the other counts, which included two 12-month[2] and three 6-month jail sentences, all concurrent. Brock does not show that as to the remaining counts he would likely receive lower sentences that collectively would end before the average 11.3 months it would take to resolve his appeal. Instead, at any resentencing on remand, the district court could consider whether its sentence on the remaining counts was influenced by the vacated obstruction conviction, and could "reconfigure the sentencing plan" to "effectuate its sentencing intent." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013)

---

[2] Counts two and three, which resulted in the two 12-month sentences, were grouped with count one (the obstruction count) for guidelines calculation purposes (ECF 107 at 2 n.1).

10

(quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)). Thus, the district court could decide that the same sentences on the surviving counts remain appropriate to satisfy the 18 U.S.C. § 3553(a) factors, even if it were now an above-guidelines sentence. *Cf. Pepper*, 562 U.S. at 490 (on remand for resentencing, district court may reassess § 3553(a) factors in light of new information and impose out-of-guidelines sentence). Furthermore, at resentencing, the district court would be entitled to consider all of Brock's relevant conduct, including his conduct from the vacated obstruction count. *See United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) ("long-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction"). Indeed, in denying Brock's motion, the district court emphasized that it would "hav[e] discretion to vary upwards" from any reduced guidelines range at a resentencing (ECF 107 at 11). Thus, even while the district court acknowledged the "possibility" that if Brock's obstruction conviction were vacated, his appeal might outlast his next-

11

highest 12-month sentences, or that his remaining sentences might be reduced at resentencing, the court correctly found that Brock "has not nudged the needle from 'possible' to 'likely'" (*id*. at 11 & n.2).

## CONCLUSION

WHEREFORE, the government respectfully requests that Brock's motion for release pending appeal be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney

CHRISELLEN R. KOLB
Assistant United States Attorney

_____/s/_____
JOHN P. MANNARINO
D.C. Bar #444384
Assistant United States Attorney
601 D Street, NW, Room 6.232
Washington, D.C. 20530
John.Mannarino@usdoj.gov
(202) 252-6829

## CERTIFICATE OF COMPLIANCE WITH RULE 27(d)

I HEREBY CERTIFY pursuant to Fed. R. App. P. 32(g) that this motion contains 2324 words, and therefore complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A). This motion has been prepared in 14-point Century Schoolbook, a proportionally spaced typeface.

/s/
JOHN P. MANNARINO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a copy of the foregoing to be served by electronic means, through the Court's CM/ECF system, upon counsel for appellant, Charles Burnham, Esq., on this 17th day of May, 2023.

/s/
JOHN P. MANNARINO
Assistant United States Attorney