# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3045**  **September Term, 2022**

**1:21-cr-00140-JDB-1**

**Filed On:** May 25, 2023

United States of America,

    Appellee

  v.

Larry Rendall Brock,

    Appellant

    **BEFORE:**    Millett*, Pillard, and Rao, Circuit Judges

## O R D E R

Upon consideration of the motion for release pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion be denied without prejudice. It is undisputed that appellant is not likely to flee or pose a danger if released, and that he is not pursuing this appeal for the purpose of delay. See 18 U.S.C. § 3143(b)(1)(A)-(B). In light of the opinions in United States v. Fischer, 64 F.4th 329 (D.C. Cir. 2023), and the pendency of United States v. Robertson, No. 22-3062 (argued May 11, 2023), we assume without deciding that this appeal raises a substantial question of law regarding the scope of 18 U.S.C. § 1512(c). Appellant, however, has not shown that "resolution of that question in [his] favor [is] likely to lead to" reversal "of all counts on which imprisonment is imposed." United States v. Perholtz, 836 F.2d 554, 556-57 (D.C. Cir. 1987) (per curiam) (emphasis added); see 18 U.S.C. § 3143(b)(1)(B)(i). Nor has he shown that it is likely to lead to a new trial or to a sentence without imprisonment. See 18 U.S.C. § 3143(b)(1)(B)(ii), (iii).

Appellant and the government dispute whether resolution of the § 1512(c) question in appellant's favor is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). When § 3143(b)(1)(B)(iv) is met, the court "shall order the detention terminated at the expiration of the likely reduced

---

* A statement by Circuit Judge Millett, concurring in this order, is attached.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3045**                                              **September Term, 2022**

sentence." Id. § 3143(b)(1). Although this is not addressed by either party, it means that even if appellant received relief under § 3143(b)(1)(B)(iv), he would begin serving his term of imprisonment and the court would order only that he be released after serving the duration of the "likely reduced sentence." The district court noted that, after appellant's 24-month prison sentence under 18 U.S.C. § 1512(c), his next-highest concurrent sentences are for 12 months, which may be reduced upon resentencing if the § 1512(c) conviction is vacated, and his lowest concurrent sentences are for six months. However, the district court did not specifically address what appellant's "likely reduced sentence" would be if his conviction under 18 U.S.C. § 1512(c) is reversed. Nor has appellant made that showing. More importantly, appellant has not shown a statutory basis for the relief requested in his motion, which is to remain on release now. It is

**FURTHER ORDERED** that the following expedited briefing schedule will apply in this case:

| | |
|---|---|
| Appellant's Brief | July 10, 2023 |
| Appendix | July 10, 2023 |
| Appellee's Brief | August 9, 2023 |
| Appellant's Reply Brief | August 23, 2023 |

The Clerk is directed to calendar this case for oral argument in September. The parties will be informed later of the date of oral argument and the composition of the merits panel.

Appellant should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3045**                                   **September Term, 2022**

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/

Lynda M. Flippin
Deputy Clerk

MILLETT, *Circuit Judge*, concurring: I join in full the order denying Brock's motion for release pending appeal and setting an expedited briefing schedule for his appeal.

On January 6, 2021, Brock participated in the riot at the United States Capitol. After entering the Capitol, he proceeded to the Senate floor and spent more than half an hour there and outside the office of then-Speaker Nancy Pelosi. *See* Tr. Bench Trial at 336:15–25, 405:2–14, *United States v. Brock*, No. 21-cr-140 (D.D.C. Dec. 6, 2022), Dkt. 80–81. He carried zip ties with him. *Id.* 405:2–14. Brock subsequently was charged and convicted of one felony count of obstructing an official proceeding and aiding and abetting, in violation of 18 U.S.C. § 1512(c)(2), and five misdemeanor counts. *See id.* 413:14–18.

Section 1512(c) provides, as relevant here:

Whoever corruptly—

(1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

(2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so,

shall be fined under this title or imprisoned not more than 20 years, or both.

This court in *United States v. Fischer* held that Section 1512(c)(2)'s "otherwise" clause "applies to all forms of corrupt obstruction of an official proceeding," whether or not that obstruction pertains to the availability of evidence. *See* 64 F.4th 329, 336 (D.C. Cir. 2023). Judge Katsas's dissenting opinion reads the statute's "otherwise" clause to apply only to actions that "impair[] the integrity or availability of evidence— testimonial, documentary, or physical," in a manner akin to the ban on obstructing evidence contained in Section 1512(c)(1). *See id.* at 369–370 (Katsas, J., dissenting) (quoting Memorandum from Bill Barr to Deputy

1

Att'y Gen. Rod Rosenstein & Ass't Att'y Gen. Steve Engel 1 (June 8, 2018) ("Barr Memorandum")).

On appeal, Brock raises a number of questions about the appropriate reading of this court's divided opinion in *Fischer*. One of those arguments is that if this court sitting *en banc* were to adopt the *Fischer* dissenting opinion's reading of 18 U.S.C. § 1512(c)(2)'s "otherwise" clause, then Brock's conviction for obstructing an official proceeding would have to be vacated.

While I do not prejudge that argument at this preliminary phase, I write separately to note that, on the record before us, Brock's conclusion does not necessarily follow from his premise. More specifically, the charge of obstructing Congress's electoral vote count and Brock's proven conduct seem, on my initial view, to satisfy both the court's and the dissenting opinion's reading of the statute. That is because the congressional proceeding that Brock was convicted of obstructing was the counting of electoral college votes that is statutorily required for Congress to certify the election of the President of the United States. Central to that process is the receipt, processing, and verification of evidence—the States' certificates of the votes cast for President by their respective electors. Under the then-governing Electoral Count Act of 1887, the President of the Senate was to receive and announce the physical "certificates and papers purporting to be the certificates of the electoral votes[.]" *See* Pub. L. No. 49-90 § 4, 24 Stat. 373, 373–374. Any member of Congress could inquire whether those certificates or papers reflected electoral votes given by "lawfully certified" electors. *Id.* In the event that more than one set of certificates or papers purported to reflect a state's regularly given electoral votes, Congress was to determine which of them "were cast by lawful electors appointed in accordance with the laws of the State[.]" *Id.*

Brock's participation in the riot on January 6th, 2021, "caused Congress to adjourn" that statutorily mandated process of receiving, verifying, and counting the certificates of electoral votes. *See* Tr. Bench Trial at 392:18, *Brock v. United States*, No. 21-cr-140 (D.D.C. Dec. 6, 2022), Dkt. 81. Indeed, Brock appeared "on the floor of the Senate where

2

the proceedings [w]ould have been occurring" if Brock and the others who invaded the Capitol had not forced lawmakers and staff to halt the electoral vote count and flee for safety. *Id.* at 393:5–7. In so doing, Brock's conduct necessarily obstructed the handling, submission, processing, and congressional consideration of the evidence of each State's electoral votes. It did so just as much as if Brock had grabbed a pile of state certificates and run away with them. *Cf.* 18 U.S.C. § 1512(c)(1) (prohibiting efforts to "conceal[] a record, document or other object" to prevent "its availability for use in an official proceeding[]"). In that way, Brock's actions "impair[ed] the * * * availability" of the physical evidence of electoral votes "for use in an official [congressional] proceeding[,]" 18 U.S.C. § 1512(c)(1), and temporarily blocked the exercise of Congress's "truth-finding function" in certifying and counting electoral votes, *cf. Fischer*, 64 F.4th at 370 (Katsas, J., dissenting) (quoting Barr Memorandum at 1). Given that, even the *Fischer* dissenting opinion's narrow reading of Section 1512(c)(2)'s "otherwise" clause would seem to reach Brock's efforts to prevent Congress from receiving, processing, and considering the evidence of each State's electoral votes.

So while I join our order, it is not at all clear to me that Brock has identified a reading of Section 1512(c)(2)'s *actus reus* under either the *Fischer* majority or dissenting opinion under which his conviction would be vacated.

3